UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                      Plaintiff,

          -against-

MARK SILBER; ELI SILBER; NICOLE
FRASER; GUTMAN, MINTE, BAKER &
SONNENFELDT, LLC,

                      Defendants.

1:18-CV-0892 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

By order and judgment dated and entered on April 9, 2018, the Court dismissed this *pro se* action for lack of subject-matter jurisdiction and without prejudice. (ECF 6 & 7.) On July 16, 2018, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Nunez v. Silber*, No. 18-1116 (2d Cir. July 16, 2018). On October 4, 2021, Plaintiff filed the present motion, which he styles as a motion for reconsideration.[1] (ECF 17.) In the present motion, Plaintiff asserts that on May 15, 2018, Defendant Mark Silber "forced [him] out of his home . . . for [n]o reason at all . . . ." (*Id.*) Plaintiff also asserts that Defendant Nicole Fraser (a New York City Human Resources Administration caseworker) "failed to provide [Plaintiff's] father with . . . proper services." (*Id.*) Plaintiff further asserts that Defendant "Guzman, Minte Baker, SONNENFELDT LLC in bad faith to include [Plaintiff as] a victim of fraud and identity theft." (*Id.*) Plaintiff seeks "reconsideration on [the] basis of fraud and . . .

---

[1] The present motion is Plaintiff's third postjudgment motion. (ECF 12) (motion construed as seeking relief under Fed. R. Civ. P. 59(e), 60(b), and Local Civil Rule 6.3; denied June 13, 2018); (ECF 15) (same; denied Aug. 14, 2018).

identity theft." (*Id.*) He is "asking the court to go forward with the judgment and [r]elief in this matter." (*Id.*)

The Court liberally construes the present motion as one for relief from an order or judgment under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's motion, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A motion seeking relief under Fed. R. Civ. P. 60(b)(1), (2), or (3) must be brought within one year from the date of entry of the order or judgment being challenged. Fed. R. Civ. P. 60(c)(1).

The order and judgment Plaintiff challenges were entered on April 9, 2018. Plaintiff had one year from that date, or until April 9, 2019, to file a timely motion for relief under Fed. R.

Civ. P. 60(b)(1), (2), or (3). *Id.* Plaintiff did not file the present motion until October 4, 2021. Thus, to the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(1), (2), or (3), the motion is untimely.

Even if the motion were not untimely as to relief sought under Fed. R. Civ. P. 60(b)(1), (2), or (3), under the Court's liberal interpretation of the motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the Court denies Plaintiff relief under the first five clauses of Fed. R. Civ. P. 60(b).

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the Court also denies the motion. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Fed. R. Civ. P. 60(b)(6) cannot circumvent the one-year limitation period applicable to claims brought under that rule's first three clauses by invoking the rule's residual clause (clause six). *Id.* And a motion brought under Fed. R. Civ. P. 60(b)(6) must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Fed. R. Civ. P. 60(b)(6).

## CONCLUSION

Accordingly, the Court denies Plaintiff's latest postjudgment motion, which the Court construes as a motion seeking relief from an order or judgment under Fed. R. Civ. P. 60(b). (ECF 17.)

This action is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    October 4, 2021
          New York, New York

                                        _____
                                             COLLEEN McMAHON
                                           United States District Judge