UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                Plaintiff,

        -against-                            1:18-CV-0892 (CM)

MARK SILBER; ELI SILBER; NICOLE            ORDER
FRASER; GUTMAN, MINTE, BAKER &
SONNENFELDT, LLC,

                Defendants.

COLLEEN McMAHON, United States District Judge:

      By order and judgment dated and entered on April 9, 2018, the Court dismissed this *pro se* action for lack of subject-matter jurisdiction and without prejudice. (ECF 6 & 7.) On July 16, 2018, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Nunez v. Silber*, No. 18-1116 (2d Cir. July 16, 2018). Plaintiff filed the present motion, which he styles as a motion for reconsideration, on December 17, 2021.[1] (ECF 21.)

      The Court liberally construes the present motion as one for relief from an order or judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's motion, the Court denies the motion. The

---

[1] The present motion is Plaintiff's fourth motion for postjudgment relief; all of Plaintiff's previous motions for such relief were denied. (ECF 12, 15, 18.)

Court also directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar him from filing any future submission in this action, with the exception of a notice of appeal.

## DISCUSSION

**A.     Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year from the date of entry of the order or judgment being challenged. Fed. R. Civ. P. 60(c)(1).

The order and judgment Plaintiff challenges were entered on April 9, 2018. Plaintiff had one year from that date, or until April 9, 2019, to file a timely motion for relief under Rule. 60(b)(1), (2), or (3). *Id.* Plaintiff did not file the present motion until December 17, 2021. Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(1), (2), or (3), the motion is untimely.

Even if the motion were not untimely as to relief sought under Rule 60(b)(1), (2), or (3), under the Court's liberal interpretation of the motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the Court denies Plaintiff relief under the first five clauses of Rule 60(b).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies the motion. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation period applicable to claims brought under Rule 60's first three clauses by invoking the rule's residual clause (clause six). *Id.* And a motion brought under Rule 60(b)(6) must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

**B.     Filing injunction**

In the Court's October 4, 2021 order denying Plaintiff's third motion for postjudgment relief, the Court warned Plaintiff that if he "files other documents that are frivolous or meritless, the Court will direct [him] to show cause why [he] should not be barred from filing further documents in this action." (ECF 18, at 4.) Because, in filing the present motion, Plaintiff has failed to heed the Court's previous warning, the Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar Plaintiff from filing any future submission in this action, with the exception of a notice of appeal. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

**CONCLUSION**

The Court denies Plaintiff's latest postjudgment motion, which the Court construes as a motion seeking relief from an order or judgment under Rule 60(b). (ECF 21.)

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why the Court should not bar Plaintiff from filing any future submission in this action, with the exception of a notice of appeal. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why such a filing injunction should not be imposed, the Court will bar Plaintiff from filing any future submission in this action, with the exception of a notice of appeal. *See* 28 U.S.C. § 1651.

A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   January 10, 2022
         New York, New York

                                            _____
                                                    COLLEEN McMAHON
                                                United States District Judge